IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  :
    v.  : Case No. 3:10-cr-3-KRG-KAP
JOSHUA SHENEGO,  :(Case No. 3:11-cv-269-KRG-KAP)
    Movant  :

Report and Recommendation

Recommendation

    Joshua Shenego filed a motion to vacate his conviction under 28 U.S.C.§ 2255. docket no. 48, amended at docket no. 55. It was referred to me pursuant to 28 U.S.C.§ 636(b)(3). The motion should be denied without a certificate of appealability, and the government's motion to enforce post-conviction relief waiver, docket no. 63, should be granted. There is one claim, explained below, that should be dismissed without prejudice to filing a petition for a writ of habeas corpus.

Report

    This Court sentenced movant Joshua Shenego on October 14, 2010, to a term of 188 months imprisonment, after his change of plea on June 1, 2010, to Count Two of an indictment charging him with distributing five grams or more of crack cocaine. Shenego seeks to vacate his sentence on five grounds: 1) that the Fair Sentencing Act of 2010, Pub.L. 111-220, 124 Stat. 2372 (August 3, 2010) applied to reduce his sentence; 2) and his attorney, Art McQuillan, Esquire, was ineffective for failing to argue that the Fair Sentencing Act should apply to his sentence; 3) even without the Fair Sentencing Act, the sentence imposed was an abuse of

discretion; 4) the Bureau of Prisons is improperly calculating his sentence by failing to give him credit for time served. In his amendment at docket no. 55, Shenego asserts: 5) the convictions used to establish the applicability of the career offender guidelines were improperly counted as predicate felonies under the reasoning employed by the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir.2011)(en banc).

Let me address the fourth claim first, because it is analytically separable. The proper method to remedy incorrect jail credit computations by the Bureau of Prisons, because that claim relates to the execution of a sentence, is by a petition for a writ of habeas corpus under 28 U.S.C.§ 2241. That petition should be filed in the District of New Jersey, where the petitioner is imprisoned, and name the warden of the prison as the respondent. There is an exhaustion of administrative remedies requirement that applies to habeas corpus petitions, so for best results petitioner should pursue the administrative remedies at the institutional, regional, and central office level before filing a petition.

As for Shenego's other four claims, relating to the validity of the sentence itself, the government moves to enforce the waiver of post conviction relief in the plea agreement signed by Shenego on June 1, 2010, docket no. 25, Plea Agreement letter dated May 17, 2010.

The plea agreement signed by Shenego on the date of his change of plea waived his right to file a direct appeal and "further waives the right to file a motion to vacate sentence ... and the right to file any other collateral proceeding attacking his conviction or sentence." docket no. 25, Plea Agreement at 2. At the entry of his guilty plea on June 1, 2010, Shenego testified under oath that he had received and read the indictment against him, that he had discussed the charges with his attorney and was satisfied with Attorney McQuillan's representation, that there was a plea agreement applicable to his case, that he had had an opportunity to read and discuss the plea agreement, and that the plea agreement contained the entirety of any understanding he had with the United States. docket no. 42, Plea Colloquy Transcript at 5-9.

The plea agreement contained the conditions that Shenego waived (with exceptions not relevant here) the right to file a direct appeal, and his right to file a motion to vacate. These condition were recited aloud at the guilty plea proceeding by Assistant United States Attorney Stephanie Haines, docket no. 42, Plea Colloquy Transcript at 10-11. The waiver provision were then stated aloud again by the Court, and when questioned by the Court, Shenego acknowledged that he understood the waiver provisions. docket no. 42, Plea Colloquy Transcript at 13-14.

3

Waivers of post conviction relief are valid and enforceable if knowingly and voluntarily entered into, unless enforcement would work a miscarriage of justice. United States v. Mabry, 536 F.3d 231, 236-37 (3d Cir.2008), cert. denied, 129 S.Ct. 2789 (2009). The transcript of the plea colloquy presents strong *prima facie* evidence that Shenego's waiver was knowing and voluntary. The Supreme Court stated, in Blackledge v. Allison, 431 U.S. 63, 74 (1977), that:

> [S]olemn declarations in open court carry a strong presumption of verity [and] [t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Shenego does not present any evidence to counter his apparent knowing and voluntary waiver of his post-conviction remedies. In fact, Shenego filed a direct appeal which was suppressed by the Court of Appeals based on the waiver agreement, see docket no. 45.

A motion to vacate under 28 U.S.C.§ 2255, because it is a guard against malfunctions in the criminal justice system and not just an alternative method of appeal, ought to be reserved for those cases in which specific and credible allegations make a waiver invalid or inequitable. Shenego does not present any allegations that would allow the inference that his waiver was not knowing and voluntary.

The Court's acceptance of the plea agreement and sentencing pursuant to that agreement constitute a finding that the

4

waiver provision did not, as of the time of sentence, work a miscarriage of justice. Only months after rejecting Shenego's direct appeal, the Court of Appeals interpreted the Fair Sentencing Act in United States v. Dixon, 648 F.3d 195 (3d Cir. August 9, 2011) as applicable to cases like Shenego's in which sentencing took place after August 3, 2010. Despite having one of the claims Shenego makes in the instant motion before the Court of Appeals in the pending appeal in Dixon, and despite the potential benefit to Shenego (and probably many other similarly situated defendants) from considering the question of the applicable law at the time of Shenego's sentencing, the Court of Appeals did not consider it inequitable to enforce the waiver in Shenego's plea agreement without even an explanation.

While the government can forego insistence on the waiver it bargained for, it is not obliged to do so. Because there is no evidence that the plea agreement, of which the waiver provision was a part, was invalid or inequitable, this court is obliged to enforce the legal agreement of the parties. That is so even if the subsequent decisions in Dixon and Simmons might benefit Shenego, a matter about which I make no rulings.

The motion to enforce the waiver of post conviction relief, docket no. 63, should be granted and the motion to vacate, docket no. 48, should be denied without a certificate of appealability.

Pursuant to 28 U.S.C. § 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: November 14, 2012

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

    Joshua Shenego, Reg. No. 30804-068
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, NJ 08640